UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON EUGENE HUNTER, | No. 2:22-cv-1141 CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| BRENNEMAN, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a Sacramento County prisoner proceeding pro se with a civil action. On July 26, 2022, the court screened plaintiff's complaint as the court is required to do under 28 U.S.C. § 1915A. Plaintiff's complaint was dismissed with leave to amend. Plaintiff has now filed two documents titled "First Amended Complaint." Good cause appearing, the first one filed August 22, 2022, will be stricken and the court will screen the second one filed September 6, 2022.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

Having conducted the required screening, the court finds that plaintiff may proceed on a claim arising under the Fourteenth Amendment against defendants Long, Moore, Gonsalvo,

1

Pashetov and Brenneman for excessive use of force. In all other respects, the first amended complaint fails to state a claim upon which relief can be granted. As plaintiff has already been informed:

    1. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

    2. The Due Process Clause of the Fourteenth Amendment does not provide plaintiff with any protection as to jail officials simply entering his cell.

    3. In order to state a claim arising under the First Amendment for retaliation, plaintiff must point to facts indicating a causal connection between adverse action and protected conduct. Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012). Plaintiff has not done that in his amended complaint.

    Finally, plaintiff asserts claims against the County of Sacramento. Municipalities cannot be held vicariously liable under § 1983 for the actions of their employees. Monell v. Dep't of Social Services, 436 U.S. 585 at 691, 694 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. Plaintiff has not adequately alleged in his first amended complaint that he suffered harm as a result of any policy or custom of Sacramento County.

    Accordingly, IT IS HEREBY ORDERD that:

    1. The Clerk of the Court assign a district court judge to this case;

    2. Service is appropriate for defendants Long, Moore, Gonsalvo, Pashetov and Brenneman.

    3. The Clerk of the Court shall send plaintiff 5 USM-285 forms, one summons, an instruction sheet and a copy of the amended complaint (ECF No. 11).

/////

/////

    4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

        a. The completed Notice of Submission of Documents;

        b. One completed summons;

        c. One completed USM-285 form for each defendant listed in number 2 above; and

        d. 6 copies of the amended complaint.

    5. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

    6. The "First Amended Complaint" filed by plaintiff on August 22, 2022 is stricken.

    IT IS HEREBY RECOMMENDED that all claims other than a claim arising under the Fourteenth Amendment against defendants Long, Moore, Gonsalvo, Pashetov and Brenneman for excessive use of force be dismissed.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time waives the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 12, 2022

                                                  CAROLYN K. DELANEY
                                                  UNITED STATES MAGISTRATE JUDGE

1
hunt1141.1

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON EUGENE HUNTER,<br><br>    Plaintiff,<br><br>  v.<br><br>BRENNEMAN et al.,<br><br>    Defendants. | No.  2:22-cv-1141 CKD P<br><br>NOTICE OF SUBMISSION<br>OF DOCUMENTS |

  Plaintiff submits the following documents in compliance with the court's order filed
_____:

  \_\_\_\_  completed summons form

  \_\_\_\_  completed USM-285 forms

  \_\_\_\_  copies of the _____
           Amended Complaint

DATED:

                _____
                Plaintiff