1

2

3

4

5

6

7

8

9                              UNITED STATES DISTRICT COURT

10                        FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12     BRANDON EUGENE HUNTER,                      No.  2:22-cv-1141 KJM CKD P

13                    Plaintiff,

14            v.                                   ORDER

15     BRENNEMAN, et al.,

16                    Defendants.

17

18           Plaintiff, a California pretrial detainee proceeding pro se, has filed this civil rights action

19     seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate

20     Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

21           On October 12, 2022, the magistrate judge filed findings and recommendations, which

22     were served on plaintiff and which contained notice to plaintiff that any objections to the findings

23     and recommendations were to be filed within fourteen days.  No objections to the findings and

24     recommendations have been filed.

25           The court presumes any findings of fact are correct.  *See Orand v. United States*, 602 F.2d

26     207, 208 (9th Cir. 1979).  The magistrate judge's conclusions of law are reviewed de novo.  *See*

27     *Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) ("[D]eterminations of law by the

28     magistrate judge are reviewed de novo by both the district court and [the appellate] court

                                                    1

1    . . . .").  Having reviewed the file, the court finds the findings and recommendations to be

2    supported by the record and by the proper analysis.

3         However, the findings and recommendations do not fully address plaintiff's *Monell*

4    claims.  In the operative complaint, plaintiff names Sacramento County, the Sacramento County

5    Sheriff's Office, and the City of Sacramento as defendants, in addition to the individual officers.

6    *See* Am. Compl. at 4, ECF No. 11.[1]  Plaintiff alleges Sacramento County and the City are liable

7    because of a history of similar misconduct of pretrial detainees, and the Sheriff's Office is liable

8    for not properly training the officers.  *Id.* at 8.  To establish a municipality's liability under § 1983

9    and *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the plaintiff must show a

10   "policy or custom" caused a constitutional deprivation.  *Castro v. County of Los Angeles*,

11   833 F.3d 1060, 1073 (9th Cir.) (en banc).  Several theories for a policy or custom can support a

12   *Monell* claim, including showing a history of similar misconduct and a failure to train.  In most

13   cases, a "pattern of similar constitutional violations" is necessary for a failure-to-train claim.

14   *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

15        As the findings and recommendations explain, plaintiff must allege facts regarding, for

16   example, the County and City's history of similar misconduct or the Sheriff's Office's failure to

17   train its officers.  Without more than a conclusory statement of prior misconduct or a failure to

18   train, plaintiff's claims cannot proceed.  On these three claims, plaintiff is **granted leave to**

19   **amend**.

20        Accordingly, IT IS HEREBY ORDERED that:

21        1.  The findings and recommendations filed October 12, 2022 are adopted in full, except

22   with regard to *Monell* claims against the County or City, which are dismissed with leave to

23   amend;

24        2.  All claims other than a claim arising under the Fourteenth Amendment against

25   defendants Long, Moore, Gonsalvo, Pashetov and Brenneman for excessive use of force are

26   dismissed; and

27

28   ---
     [1] The pages cited in ECF No. 11 are those applied by the CM/ECF system.

1       3. This matter is referred back to the assigned magistrate judge for all further pretrial

2 proceedings.

3 DATED: December 14, 2022.

                                         CHIEF UNITED STATES DISTRICT JUDGE