1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    BRANDON EUGENE HUNTER,              No.  2:22-cv-1141 DJC CKD (PC)

12              Plaintiff,

13        v.                              FINDINGS AND RECOMMENDATIONS

14    BRENNEMAN, et al.,

15              Defendants.

16

17          The undersigned conducted a settlement conference in this prisoner civil rights case on

18    February 13, 2025, and the case settled.  ECF No. 57.  The material terms of the agreement were

19    summarized on the record, ECF No. 58 & 59, and the parties were given 30 days to file

20    dispositional documents.  That deadline has twice been extended, and dispositional documents

21    have not been filed.  Plaintiff has now filed a Motion for Entry of Judgment, ECF No. 70, which

22    accuses defendants of breach of contract and seeks court enforcement of the settlement agreement

23    on terms different than those included in the proposed written agreement drafted by defense

24    counsel.  Defendants have opposed plaintiff's motion, and bring a counter-motion to compel

25    plaintiff to execute the settlement agreement as drafted.  ECF No. 71.  For the reasons explained

26    below, the undersigned recommends that plaintiff's motion be denied and that defendants' motion

27    be granted in part and denied in part.

28    ////

                                          1

1                           I.    BACKGROUND

2        The parties agreed at the settlement conference that in exchange for a payment of

3   $6,500.00, plaintiff would dismiss this lawsuit and release all defendants known and unknown

4   from liability on all claims known and unknown arising from the facts alleged in the complaint.

5   The material terms, which were confirmed by the parties on the record, included the following:

6               Mr. Hunter understands that it is a material condition of this
                settlement that he acknowledges the County's independent legal
7               obligation to satisfy liens that have been identified by the California
                Department of Resource Recovery. Defendant believes the lien
8               obligation to be in the neighborhood of $1900 and Mr. Hunter
                understands that whatever the lien balance is the County must satisfy
9               it prior to disbursing the remainder of the settlement amount, which
                will be in the form of a check made out to Mr. Hunter and sent to his
10              aunt, Darlene Hunter.

11              Defendants have agreed to obtain whatever documentation is
                reasonably available from the Department of Revenue Recovery
12              regarding the source of these liens and provide copies to Mr. Hunter.
                Defendant will also provide proof of satisfaction of the liens on Mr.
13              Hunter's behalf to include a copy of the check and a copy of the cover
                letter identifying Mr. Hunter's liens as the subject of that check.
14

15   ECF No. 59 (transcript) at 2.

16       In addition to confirming his agreement to these terms, Mr. Hunter made a record of the

17  fact—which had been discussed at length during the course of the settlement conference—that he

18  disputes the validity and/or amount of the debt(s) on which the referenced liens are based. Id. at

19  4. He acknowledged that he would take that issue up directly with the Department of Revenue

20  Recovery "and any entities or agencies that they might identify to you as being the source of the

21  debt," independently of the settlement agreement and "after the fact" of the County's satisfaction

22  of the liens. Id. at 4-5. He affirmed his understanding that "the County has to pay whatever liens

23  Revenue Recovery says you have out of the [$]6500 before cutting you a check for the

24  remainder[.]" Id.

25       After the settlement conference, defendants sent plaintiff a Settlement Agreement for

26  signature. Defendants had determined that the lien amount, according to the Department of

27  Recovery, was $1,139.98 rather than the previous estimate of $1,900.00, and the Agreement

28  stated the lower figure as the amount to be paid out of the settlement proceeds. Plaintiff later

                                          2

1  requested that his check be sent to a different aunt, and the Agreement has been updated to make

2  that change.  Plaintiff requested certain other modification to the Agreement's language, which

3  also resulted in non-substantive edits.  The current version of the still unexecuted Settlement

4  Agreement is at ECF No. 71-1 (Declaration of Matthew R. Mendoza) at pp. 29-33.

5        In his Motion for Entry of Judgment to Enforce the Settlement Agreement, plaintiff

6  alleges that defendants have breached their oral settlement agreement in numerous ways: they

7  were late in sending him paperwork for signature, failed to provide a W-9 form, failed to ensure

8  the written Agreement was executed within 7 days, changed the amount of the liens to be paid

9  from the settlement proceeds, and changed (unspecified) material terms other than the details of

10  the release of liability.  ECF No. 70 at 4-5.  As a result, plaintiff explains that he will not sign any

11  document provided to him by defendants because he believes that are trying to deceive him and

12  insert terms that are beyond the scope of the agreement and unfavorable to him.  Id. at 5-6.

13  Plaintiff complains further that he has not received the proceeds of the settlement, and that

14  defendants have neither satisfied his liens nor provided proof of satisfaction as required.  Id. at 6.

15  In addition to asking the court to enforce the oral agreement of February 13, 2025, plaintiff seeks

16  pre- and post-judgment interest.  Id. at 8.

17        Defendants oppose plaintiff's motion, deny any breach, and argue that any confusing

18  language in the current version of the Agreement is the result of changes made at plaintiff's

19  insistence.  ECF No. 71 at 5-6 and *passim*.  They ask the court to compel plaintiff to sign the

20  written agreement.  Id. at 5.

21                    II.       STANDARDS

22        A district court has the inherent power to enforce a complete settlement agreement entered

23  into while the litigation is pending before it.  In re City of Equities Anaheim, Ltd., 22 F.3d 954,

24  957 (9th Cir. 1995); Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987).  This enforcement power

25  extends to oral agreements.  Doi v. Halekulani Corp., 276 F.3d 1131, 1138 (9th Cir. 2002).  The

26  moving party has the burden of demonstrating that the parties formed a legally enforceable

27  settlement agreement.  In re Andreyev, 313 B.R. 302, 305 (B.A.P. 9th Cir. 2004) (citing 15A Am.

28  Jur. 2d Compromise and Settlement § 57 (2000)).  Where the material terms of an agreement and

1    the parties' assent to such terms is placed on the record, an evidentiary hearing is unnecessary.

2    Doi, 276 F.3d at 1139-40.  The recollection of the judge conducting the settlement conference can

3    also support a finding of an enforceable agreement without an evidentiary hearing.  Lynch, Inc. v.

4    SamataMason, Inc., 279 F.3d 487, 490-92 (7th Cir. 2002) (judge may rely on recollections to find

5    enforceable agreement when agreement is not on record); see also Shah v. United States, 878

6    F.2d 1156, 1159 (9th Cir. 1989) (judge may rely on own notes and recollection of plea hearing

7    and sentencing process to supplement record without an evidentiary hearing).

8        "The construction and enforcement of settlement agreements are governed by principles

9    of local law which apply to interpretation of contracts generally."  Jeff D. v. Andrus, 899 F.2d

10   753, 759 (9th. Cir. 1989).  Therefore, even though the underlying cause of action presented in this

11   litigation is based upon a federal statute, this court applies California law regarding the formation

12   and interpretation of contracts in determining whether a legally enforceable settlement agreement

13   was reached.  United Commercial Ins. Serv., Inc. v. Paymaster Corp., 962 F.2d 853, 856 (9th Cir.

14   1992); see also Harrop v. West. Airlines, Inc., 550 F.2d 1143, 1145 (9th Cir. 1977) (applying

15   California law).

16       In California, oral settlement agreements made before the court and oral contracts are

17   enforceable.  Cal. Civ. Proc. Code § 664.6; Cal. Civ. Code § 1622.  "The essential elements of a

18   contract are: [1] parties capable of contracting; [2] the parties' consent; [3] a lawful object; and

19   [4] sufficient cause or consideration."  Lopez v. Charles Schwab & Co., Inc., 118 Cal. App. 4th

20   1224 (2004) (citing Cal. Civ. Code § 1550).  "Mutual assent usually is manifested by an offer

21   communicated to the offeree and an acceptance communicated to the offeror."  Id. (citing Cal.

22   Civ. Code § 1565).  The existence of mutual consent is determined by objective criteria; the

23   "parties' outward manifestations must show that the parties all agreed 'upon the same thing in the

24   same sense.'"  Weddington Prod., Inc., v. Flick, 60 Cal. App. 4th 793 (1998) (quoting Cal. Civ.

25   Code § 1580).

26                          III.    DISCUSSION

27       The undersigned has reviewed the most recent version of the Settlement Agreement

28   drafted by defense counsel, ECF No. 71-1 at 29-33, and finds that it fully accords with the oral

4

1    agreement placed on the record and with the understanding of the parties during the course of the

2    settlement conference.  No terms have been inserted that could have an unanticipated negative

3    effect on plaintiff.  The agreement requires defendants to pay off liens, in the amount specified by

4    the Department of Revenue Recovery, from the $6500 settlement proceeds and thereafter to

5    provide the balance to plaintiff by check mailed to Epifania Marshall.  The difference in the

6    specified amount of the liens lies in plaintiff's favor, and in any event it was made clear at the

7    settlement conference that the estimated lien amount was subject to adjustment.  The liens have

8    not yet been satisfied nor the settlement proceeds dispersed because plaintiff has not signed the

9    Settlement Agreement.  Judge Delaney granted extensions of the deadlines originally set by the

10   undersigned.  For all these reasons, the court finds that here has been no breach by defendants.

11          To the extent if any that plaintiff challenges the language of Paragraph 16 ("Liens"), ECF

12   No. 71-1 at 32, the court provides the following clarification.  That "[t]he Defendants are not

13   responsible for any liens" and that plaintiff "is responsible for any and all liens" means that liens

14   must be paid out of plaintiff's funds because he is the responsible party.  This is consistent with

15   Paragraphs 6 and 7, id. at 30, which respectively set forth defendant's obligation to ensure

16   satisfaction of a specific lien from the settlement proceeds, and the process by which the

17   settlement proceeds will be divided and issued to the Sacramento County Department of Revenue

18   and to plaintiff.  In other words, defendants are responsible for the distribution of plaintiff's

19   settlement funds, including to the Department of Revenue, but not for the debt itself.  That is the

20   arrangement agreed to at the settlement conference.

21          Plaintiff's contention that he is entitled to interest on the settlement amount has been

22   previously presented and was rejected by Judge Delaney.  ECF No. 68.  Interest was not part of

23   the settlement agreement, was never contemplated in this case, and has no legal basis.[1]

24

25   [1] Plaintiff cites Adams v. John-Manville Corp., 876 F.2d 702, 710 (9th Cir. 1989); Air Separation, Inc. v. Underwriters at Lloyds of London, 45 F.3d 288, 290 (9th Cir. 1995); and Cal. Civ. Code §

26   3289(b).  ECF No. 70 at 8.  None of these authorities apply here.  Adams affirmed the grant of prejudgment interest as a form of compensatory damages, after defendants had wrongfully failed

27   to pay disputed settlement amounts the district court found were owed to 49 asbestos personal injury plaintiffs.  Air Separation reversed the district court's denial of post-judgment interest

28   where an insurance company had wrongfully failed to pay a covered claim.  Cal. Civ. Code §

5

1    For all these reasons, plaintiff's motion should be denied.  Because the unexecuted written

2    agreement at ECF No. 71-1, pp. 29-33, is fully consistent with the oral agreement, its terms

3    should be adopted by the court as requested by defendants.  As for the remedy proposed in

4    defendants' counter-motion, however, the court is unaware of any authority that is has to

5    "compel" plaintiff to sign anything.  The Agreement is enforceable notwithstanding plaintiff's

6    failure to sign, and the appropriate remedy is simply enforcement of its terms—including

7    dismissal of the lawsuit and payment by defendants.  See Doi, supra, 276 F.3d 1131 (affirming

8    district court's enforcement of settlement agreement reached orally at court settlement conference

9    and affirmed on the record, and dismissal of case pursuant to that agreement, after plaintiff

10   refused to sign written agreement).

11       The record now reflects that plaintiff has provided defense counsel with a completed W-9

12   form, ECF No. 71 at 9, and the mailing address for delivery of the check, ECF No. 70 at 9.

13   Accordingly, should the district judge adopt these Findings and Recommendations and dismiss

14   the case pursuant to the Agreement, there will be no barrier to processing of the settlement

15   proceeds.  It will be recommended that defendants be ordered to satisfy plaintiff's lien, provide to

16   plaintiff documentation of such satisfaction, and mail a check for the balance of the settlement

17   proceeds to plaintiff's aunt, all as provided in the Agreement, within 14 days of entry of

18   judgment.  It will be further recommended that the undersigned settlement judge retain

19   jurisdiction for the sole purpose of ensuring that these obligations are satisfied.

20                                                        CONCLUSION

21       Accordingly, it is HEREBY RECOMMENDED that:

22   1.  Plaintiff's Motion for Entry of Judgment (ECF No. 70) be DENIED;

23   2.  Defendants' Counter-Motion to Compel Plaintiff to Execute Settlement Agreement (ECF

24       No. 71) be GRANTED IN PART by issuance of an order providing that:

25       a.  The agreement of February 13, 2025, is fully enforceable as stated on the record (ECF

26

27   3289(b) provides for interest on judgements for damages in breach of contract cases.  In this case
     has there been no breach of contract by defendants, or other circumstances that would make these
28   authorities applicable.

6

No. 59) and as set forth by defendants at ECF No. 71-1 pp. 29-33, notwithstanding

plaintiff's failure to sign the written document;

b.  This action is DISMISSED with prejudice pursuant to the Agreement;

c.  Defendants shall, within 14 days of entry of judgment, comply with its obligations

under Paragraph 7 (ECF No. 71-1 at 30) regarding payment of funds.  The settlement

judge may extend this deadline only for good cause shown;

d.  Defendants shall file a notice of satisfaction of the Agreement promptly upon

compliance with their payment obligations;

e.  The settlement judge shall retain jurisdiction for the sole purpose of ensuring that

defendants satisfy their payment obligations under the Agreement.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days

after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

objections shall be served and filed within fourteen days after service of the objections.  The

parties are advised that failure to file objections within the specified time may waive the right to

appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 6, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE